Robert Huttash, State's Atty., Austin, for the State.

OPINION FOLLOWING REMAND

ONION, Presiding Judge.

This is an application for post-conviction writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

When the proceedings first reached this court, it was determined that in 1974, prior to petitioner's trial and conviction for murder, at a second hearing on competency (restoration proceedings) the charge contained a constitutionally inadequate definition of competency. In our original opinion of June 13, 1979, the cause was remanded to the trial court to determine now, if possible, whether the petitioner was competent to stand trial in 1974. The opinion then added, "If such a determination is possible, a competency hearing shall be held in accordance with Article 46.02, V.A.C.C.P."

It appears from the trial court's findings of fact and conclusions of law that it is now

possible for a jury to make a sound decision, nunc pro tunc, as to whether petitioner was competent to stand trial on October 24, 1974. In making such determination, the court conducted a hearing, and employing a somewhat unusual procedure, impaneled a jury to hear the same evidence at the same time and to pass upon the competency question if a determination was made that a jury could pass upon the question at this time.

We have received a five page supplemental transcript including the aforesaid findings of fact and conclusions of law,[1] as well as the transcription of the court reporter's notes of said combined hearing.[2] If the court, however, charged the jury, the charge is not in this record; if the jury returned a verdict, the verdict is not in this record; and if a judgment or order was entered based on a verdict, the same is not in this record. If a competency hearing in accordance with Article 46.02, V.A.C.C.P., was held as ordered by this court after a determination that it was now possible to determine petitioner's competency to stand trial, it is not possible for this court to pass upon the contention before this court in light of the condition of this record. The cause is once again remanded to the trial court to hold a competency hearing in accordance with Article 46.02, V.A.C.C.P., as originally ordered, or if such a hearing has been held, to supplement in proper form the record with the court's charge, the jury's verdict, the resulting judgment or order, and all other vital papers so that this court may move to a proper and prompt disposition of this matter.

It is so ordered.

1. It appears that Honorable George Walker of the 185th District Court conducted the said hearing and made the findings of fact and conclusions of law. The approval of the five page clerk's transcription commences with "I, George Walker, Judge of the 185th District Court of Harris County, Texas . . . ." It is signed "I. D. McMaster," and the approval of the record is undated.

2. The transcription of the court reporter's notes of the said hearing are certified to by the court reporter, but is not included in the approval of the record mentioned above in footnote # 1.